IN THE COURT OF COMMON PLEAS FOR CHAMPAIGN COUNTY, OHIO

| | |
|---|---|
| HEARTLAND OF URBANA OH, LLC, <br> CT Corporation System <br> 1300 East Ninth Street <br> Cleveland, Ohio 44114 <br><br> Plaintiff, <br><br> v. <br><br> MCHUGH FULLER LAW GROUP, PLLC, <br> 97 Elias Whiddon Road <br> Hattiesburg, Mississippi 39402, <br><br> Defendant. | Case No. 2014 CV 210 <br><br> Judge Nick A. Selvaggio <br><br> Magistrate Scott D. Schockling <br><br> **TEMPORARY RESTRAINING ORDER** <br><br> Magistrate's Order |

Plaintiff Heartland of Urbana OH, LLC, d/b/a Heartland of Urbana, initiated this case seeking injunctive and other relief on December 23, 2014, alleging violations of the Ohio Deceptive Trade Practices Act, R.C. Chapter 4165, and Ohio's common law, stemming from Defendant McHugh Fuller Law Group, PLLC having published an advertisement in print and through the internet with the *Urbana Daily Citizen* about Plaintiff's nursing home Heartland of Urbana located at 741 E. Water Street, Urbana, Champaign County, Ohio.

With its *Complaint*, Plaintiff filed a *Motion for Temporary Restraining Order* supported by the *Affidavit of Dan Arnold, LNHA*, who is the Administrator of Heartland of Urbana. In addition to the pleadings, the Court reviewed Exhibits to the *Complaint* to include copies of the print and internet versions of the advertisement at issue in this matter.

Upon due consideration of the *Complaint* and exhibits thereto, *Motion for Temporary Restraining Order*, and *Affidavit of Dan Arnold, LNHA*, the Court finds that immediate and

irreparable injury, loss, or damage will result to Plaintiff due to the advertisement at issue, which justifies the issuance of a *Temporary Restraining Order* pursuant to Civ.R. 65(A).

IT IS THEREFORE ORDERED that Defendant McHugh Fuller Law Group, PLLC, and all persons in active concert, or participation with it be and same hereby are temporarily restrained and prohibited from using the advertisement attached as Exhibits A and B to the Complaint for Injunctive Relief for any purpose and in any form, or media specifically including, but not limited to print, or internet.

IT IS FURTHER ORDERED that any version, form, or medium used to convey the advertisement attached as Exhibits A and B to the Complaint for Injunctive Relief be removed from the public domain specifically including, but not limited to, the internet version/website of the *Urbana Daily Citizen* and Defendant McHugh Fuller Law Group, PLLC's website.

IT IS FURTHER ORDERED that Defendant McHugh Fuller Law Group, PLLC may be served with a copy of this *Temporary Restraining Order* by any person, or by facsimile, certified, or electronic mail.

IT IS FURTHER ORDERED that the Plaintiff shall post a security bond in the total sum of $ 0.00 .

IT IS FURTHER ORDERED that this *Temporary Restraining Order* is effective as of today's date and shall remain in full force and effect for fourteen (14) days or until January 7, 2015, unless otherwise ordered by the Court and that this cause is set for hearing on Plaintiff's application for a preliminary injunction on January 7, 2015, at 11:00 A.m.

Date: 12-24-2014

Magistrate Scott D. Schockling
Champaign Co. Common Pleas Court

2

Heartland v. McHugh Fuller          2014 CV 210                    Page 3

COPIES BY CLERK:
- Robert M. Anspach, J. Randall Engwert & Charles D. Rittenhouse, Counsel for Plaintiff, Anspach Meeks Ellenberger, LLP, 300 Madison Ave., Ste. 1600, Toledo OH 43604-2633
- McHugh Fuller Law Group, PLLC, 97 Elias Whiddon Rd., Hattiesburg Mississippi 39402 via certified mail

IN THE COURT OF COMMON PLEAS FOR CHAMPAIGN COUNTY, OHIO

| | |
|---|---|
| HEARTLAND OF URBANA OH, LLC,<br>CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114<br><br>      Plaintiff,<br><br>v.<br><br>MCHUGH FULLER LAW GROUP, PLLC,<br>97 Elias Whiddon Road<br>Hattiesburg, Mississippi 39402<br><br>      Defendant. | Case No. 14 CV 210<br><br>Judge |

**AFFIDAVIT OF DAN ARNOLD, LNHA**

STATE OF OHIO            }
                                  } SS:
COUNTY OF CHAMPAIGN  }

1. My name is Dan Arnold and I making this affidavit at my own free will. I am over 18 years of age and am in all ways competent to testify.

2. I am the Licensed Nursing Home Administrator at the skilled nursing facility known as Heartland of Urbana located at 741 E. Water Street, Urbana, Champaign County, Ohio.

3. I have held the position of Administrator of Heartland of Urbana since April 30, 2012.

4. Heartland of Urbana is an 85 bed skilled nursing facility providing short-term rehabilitation and long-term skilled nursing and rehabilitation services.

5. Heartland of Urbana is overall ranked by the federal government as a "Five Star" nursing facility, which is the highest ranking available to a nursing home. Heartland of Urbana received a "Five Star" rating for the government health inspection category.

6. Heartland of Urbana is subject to inspection by the Ohio Department of Health under the federal OBRA standards for skilled nursing facilities on a regular (roughly annual) basis and also when complaints are made to the Ohio Department of Health.

7. The federal OBRA standards number in the hundreds and apply to all aspects of the operation of skilled nursing facilities in the United States to specifically include nursing services provided to patients.

8. Heartland of Urbana was most recently subject to regular annual surveys on February 20, 2014, and November 23, 2012. The Ohio Department of Health found no deficiencies in and therefore issued no "citations" for the operation of Heartland of Urbana during the last annual surveys of February 20, 2014, and November 23, 2012, respectively.

9. I am aware of and familiar with the advertisement run by the law firm McHugh Fuller Law Group, PLLC in the *Urbana Daily Citizen* on December 13, 2014. I am also aware that a digital copy of the advertisement is available for viewing online through the *Urbana Daily Citizen* website.

10. The advertisement claims the government "has cited" Heartland of Urbana "for failing to provide necessary care and services to maintain the highest well-being of each resident." I believe the "has cited" language leads the reader to believe that the alleged citation was recent.

11. None of the recent surveys of Heartland of Urbana include any citation let alone a citation "for failing to provide necessary care and services to maintain the highest well-being of each resident." Based upon my review of the survey history of Heartland of Urbana, the facility last had a citation remotely similar to the advertisement's language more than four years ago on June 24, 2010.

12. According to the June 24, 2010, survey resulting in a citation remotely similar to the language in the advertisement, the alleged deficiency did not cause any harm to any nursing home patient. Furthermore, the alleged deficiency set forth in the June 24, 2010, survey was corrected by the facility shortly after the June 2010 survey.

13. In light of Heartland of Urbana's survey history the advertisement is false and misleading because it does not accurately reflect the facility's most recent citation free surveys and where it does quote what is believed to be the survey from June 24, 2010, it does not set forth the alleged "failures" as described in the more than four year old survey report.

14. The advertisement has the likelihood of confusing readers in to believing that "the government" does not approve of the medical care and services provided to patients of Heartland of Urbana when in fact annual government inspections over the last two years found no deficiencies in the operation of the facility to specifically include care provided to patients.

15. The advertisement represents that the services provided to patients of Heartland of Urbana are other than the highest quality resulting in the highest possible "Five Star" rating from the federal government.

16. The advertisement's false claims disparage the "Five Star" quality of care provided at Heartland of Urbana.

17. After publication of the advertisement on December 13, 2014, and to the present, I have had to answer questions and respond to concerns raised by employees of the facility, the head of a local guardianship program with wards who are patients of Heartland of Urbana, and an applicant for the position of Admissions Director in the facility, all of whom read the advertisement and have concerns regarding the quality of care provided at Heartland of Urbana and the survey history of the facility.

3

18. The false statements regarding a government citation and misleading statements regarding abuse and neglect of patients in the advertisement damages the reputation of Heartland of Urbana such that the facility will be challenged to retain current patients and attract new patients to the facility.

19. Further affiant sayeth naught.

_____, LNHA
DAN ARNOLD, LNHA

Taken, subscribed, and sworn to, before me this 22 day of December, 2014.

My commission expires: _____

Joyce Cooper
Notary Public
My Commission expires
August 27, 2015

_____ NOTARY PUBLIC