IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HEARTLAND OF URBANA, OH, LLC, | : | |
| Plaintiff, | : | Case No. 3:15-cv-004 |
| v. | : | JUDGE WALTER H. RICE |
| McHUGH FULLER LAW GROUP, PLLC, | : | |
| Defendant. | | |

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR
REMAND (DOC. #6); TERMINATION ENTRY

This matter is before the Court on Plaintiff's Motion for Remand.  Doc. # 6. The action was originally filed in the Champaign County Court of Common Pleas. On January 6, 2015, Defendant removed the action to this Court on grounds of diversity jurisdiction.  For the reasons set forth below, the Court finds that the amount-in-controversy requirement is not satisfied; therefore, the motion is SUSTAINED.

I.      **Background and Procedural History**

Plaintiff Heartland of Urbana OH, LLC, filed this action against Defendant McHugh Fuller Law Group, PLLC, in the Champaign County Court of Common Pleas on December 23, 2014.  Doc. #1-1.  Plaintiff is a skilled nursing facility with

its principal place of business in Urbana, Ohio. Defendant is a law firm with its principal place of business in Hattiesburg, Mississippi.

Plaintiff asserts claims for violations of the Ohio Deceptive Trade Practices Act, libel, libel *per se*, and false light invasion of privacy. Plaintiff alleges that Defendant placed false and deceptive advertisements in the *Urbana Daily Citizen* newspaper and an identical digital advertisement on *Urbana Daily Citizen*'s website. The advertisement states, "[t]he government has cited Heartland of Urbana Nursing and Rehabilitation Center for failing to provide necessary care and services to maintain the highest well-being of each resident." *Id*. at PageID# 22. Plaintiff claims, among other things, that the advertisements are false and misleading because they "fail[] to disclose that any alleged deficiency of the sort quoted in the advertisement in fact did not cause harm to any nursing home patient, or that [Plaintiff] corrected and removed the alleged deficiencies . . . ." *Id*. at PageID#23.

Plaintiff asserts that the advertisements have caused, and will continue to cause, irreparable reputational and stigmatic harm within the community and the skilled nursing industry, loss of business opportunities, loss of contractual and business relationships, as well as immediate and irreparable harm to its goodwill. Plaintiff's complaint seeks injunctive relief and attorney's fees, but does not request monetary damages. Plaintiff also filed a Motion for Temporary Restraining Order ("TRO"), which the state court granted on December 24, 2014, enjoining further publication of the advertisement in print and internet forms. Doc. #1-2,

2

PageID##221-22. Subsequently, the parties stipulated to continue the TRO until a court of competent jurisdiction could hear Plaintiff's application for a preliminary injunction. Doc. #5.

On January 6, 2015, Defendant filed a Notice of Removal in this Court. Doc. #1. On January 13, 2015, Plaintiff filed a Motion for Remand to the Champaign County Court of Common Pleas. Doc. #6. The parties then filed memoranda in opposition to, and in support of, Plaintiff's Motion for Remand. Docs. ##8-9, 12, 21-22.

II. **Legal Standard for Removal Jurisdiction**

Federal courts are courts of limited jurisdiction; they possess only that power authorized by the Constitution and by statute. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 821 (6th Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005)). Pursuant to 28 U.S.C. § 1441, a defendant is authorized to remove "civil actions from state court to federal court when the action initiated in state court could have been brought, originally, in a federal district court." *Id*. (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005)).

One such avenue to bring a claim in federal court is 28 U.S.C. § 1332(a), which grants federal courts original jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, "[a] federal court must resolve any doubt concerning the propriety of removal in

favor of state court jurisdiction." *Heartland of Portsmouth OH, LLC v. McHugh Fuller Law Group, PLLC*, Case No. 1:15-cv-007, 2015 U.S. Dist. LEXIS 19780, at *2 (S.D. Ohio Feb. 19, 2015).

If an action is originally filed in state court, a defendant may remove the case to federal court and invoke federal jurisdiction by filing a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). If the plaintiff's state court complaint demanded monetary relief, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" for purposes of determining federal jurisdiction. 28 U.S.C. § 1446(c)(2). However, where the plaintiff's state court complaint seeks nonmonetary relief, such as injunctive relief, the defendant's notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(i).

The statutory requirement that the defendant must file a notice of removal "containing a short and plain statement of the grounds for removal" purposely "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014). Thus, pursuant to section 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 554. If the defendant's amount-in-controversy allegation is not contested by the plaintiff or questioned by the court, it should be accepted. *Id*. at 553. Conversely, if it is contested or questioned, it should be accepted only "if the district court finds, by the preponderance of the evidence,

4

that the amount in controversy exceeds" the jurisdictional threshold of $75,000. 28 U.S.C. § 1446(c)(2)(B). *See also Dart Cherokee*, 135 S. Ct. at 553-54 (explaining that this provision, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged").

The party invoking federal jurisdiction—in this case, Defendant—has the burden of demonstrating by competent proof that the amount-in-controversy requirement is met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Accordingly, Defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 since Plaintiff has challenged the amount alleged in Defendant's Notice of Removal. *See* 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee*, 135 S. Ct. at 553-54. Although the "defendant do[es] not need to prove to a legal certainty that the amount in controversy requirement has been met[,] . . . the district court must make findings of jurisdictional fact to which the preponderance standard applies." *Dart Cherokee*, 135 S. Ct. at 554 (quoting H.R. Rep. No. 112-10, p. 16 (2011)).

It is well established that in actions seeking injunctive relief, "the amount of controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The Court of Appeals for the Sixth Circuit has recognized that "there is a circuit split as to whether a court may determine the amount in controversy from the perspective of either party (the 'either viewpoint rule') or whether a court may only consider the

plaintiff's viewpoint." *Everett*, 460 F.3d at 829 (quoting *Olden v. LaFarge Corp.*, 383 F.3d 495, 502 n.1 (6th Cir. 2004)).  The Sixth Circuit has not yet decided this issue.

If the value is measured from the perspective of the defendant, the court must determine the "expected cost to the defendant of complying with the injunction which the plaintiffs seek." *Olden*, 383 F.3d at 502 n.1.  On the other hand, if the value is measured from the perspective of the plaintiff, the court must determine the "value of the right that the plaintiff seeks to protect or the extent of the injury to be prevented." *McIntire v. Ford Motor Co.*, 142 F. Supp. 2d 911, 920 (S.D. Ohio 2001) (citing *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir. 1970)).

As a general rule, reasonable attorney's fees may be included in determining the amount in controversy, when allowed by statute. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).  See also *Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met").

### III. Analysis

As mentioned, Plaintiff expressly challenged the amount-in-controversy allegations contained in Defendant's Notice of Removal; therefore, Defendant bears the burden of proving, by the preponderance of the evidence, that the value of the

6

injunctive relief and reasonable attorney's fees sought by Plaintiff exceeds $75,000. For the reasons set forth below, the Court finds that the amount-in-controversy requirement is not satisfied, and therefore sustains Plaintiff's Motion for Remand.

### A. Value of Injunctive Relief

The Court is cognizant of the circuit split "as to whether a court may determine the amount in controversy from the perspective of either party (the 'either viewpoint rule') or whether a court may only consider the plaintiff's viewpoint." *Everett*, 460 F.3d at 829. Here, Defendant cannot satisfy its burden of proof regardless of which viewpoint the Court applies.

If the value of the injunctive relief is measured from the perspective of the plaintiff, a court must determine the value of the right to be protected or the extent of the injury to be prevented. *McIntire*, 142 F. Supp. 2d at 920 (citing *Goldsmith*, 426 F.2d at 1398). In support of meeting its burden under the plaintiff's viewpoint, Defendant offers four documents. The first document is a newspaper article from the *Columbus Dispatch* stating that the annual per-person cost of long-term care at Ohio nursing homes can exceed $100,000, especially for private rooms. Doc. #21-1, PageID##652-54. Next, Defendant offers three documents taken from the website LongTermCare.gov, which shows the average annual per-person cost of semi-private and private rooms in nursing homes in the Columbus, Springfield, and Dayton, Ohio areas. Doc. # 21-2-4, PageID##655-60. Defendant asserts that these figures exceed the amount-in-controversy requirement, and

7

argues that the loss to Plaintiff exceeds the jurisdictional threshold if "just one potential nursing home patient was deterred by Defendant's advertisements for just one year." Doc. #21, PageID#649.

Plaintiff has raised hearsay objections to Defendant's Exhibits B, C, and D, and argues that they have not been properly authenticated. Even if the Court were to consider these exhibits, they do not help Defendant satisfy its burden. As one colleague has recently held in a nearly identical case with nearly identical evidence presented, "[t]he evidence submitted by defendant is of limited utility in determining the amount in controversy." *Manor Care of Westerville v. Nick H. Johnson, P.C.*, Case No. 2:15-cv-593, 2015 U.S. Dist. LEXIS 24890, at *7 (S.D. Ohio Mar. 2, 2015).

In *Manor Care of Westerville*, the plaintiff nursing facility filed suit against the defendant lawyer in state court seeking injunctive relief after the defendant published an advertisement in the *Columbus Dispatch*. The defendant removed the case to federal court; the plaintiff sought remand, challenging the defendant's amount-in-controversy allegations. In response, the defendant offered the same two pieces of information offered here in Defendant's Exhibits A and B.

In holding that this evidence was of "limited utility," the court reasoned:

> The complaint does not allege that plaintiff has lost clients or potential clients as a result of defendant's advertisements . . . [a]nd the information submitted is not specific to plaintiff's facility. Moreover, in both its complaint and motion for a TRO, plaintiff alleged that the advertisements are likely to cause "stigmatic injury" and harm plaintiff's contractual and business relationships in the skilled nursing

industry. Defendant has not offered any evidence concerning this alleged harm.

*Id.* at *7. The court concluded that the defendant had not met its burden of establishing that the value of the requested injunctive relief exceeded the amount-in-controversy requirement under the plaintiff's perspective. *See id. See also Heartland of Portsmouth OH, LLC v. McHugh Fuller Law Group, PLLC*, Case No. 1:15-cv-007, 2015 U.S. Dist. LEXIS 19780 (S.D. Ohio Feb. 19, 2015) (a nearly identical case in which the court granted the plaintiff's motion to remand after finding that the defendant had failed to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000); *Heartland-Mt. Airy of Cincinnati, OH, LLC v. Nick H. Johnson, P.C.*, Case No. 1:15-cv-86, 2015 U.S. Dist. LEXIS 18688 (S.D. Ohio Feb. 17, 2015) (same).

Here, Defendant offers the same two pieces of evidence that were deemed of "limited utility" by the court in *Manor Care of Westerville*. In addition, Defendant submits two other pieces of information from the LongTermCare.gov website. However, as in *Manor Care of Westerville*, none of the information submitted is specific to Plaintiff's facility. Moreover, the annual cost of care to a nursing home patient is largely irrelevant to a determination of the value of the injunctive relief requested, which is based on potential lost *profits*. Defendant has offered no evidence concerning the value of Plaintiff's alleged harm of irreparable reputational and stigmatic harm within the community and the skilled nursing industry, loss of contractual and business relationships, as well as immediate and irreparable harm to its goodwill. *See id*. Accordingly, Defendant has not met its

9

burden of establishing that the value of the requested injunctive relief exceeds the amount-in-controversy requirement under the plaintiff's perspective.

Nor has Defendant met its burden of establishing the amount-in-controversy requirement under the defendant's viewpoint. It has not shown that the "expected cost to the defendant of complying with the injunction which the plaintiffs seek," *Olden*, 383 F.3d at 502 n.1, exceeds $75,000. Defendant merely claims that it will suffer lost profits well in excess of $75,000, if it is enjoined from running its advertisements.

In support of this argument, Defendant cites two cases, *Southard v. Whetstone Care Center, LLC*, Case No. 06CVA06-7470 (Franklin Cnty., Ct. Com. Pl., Aug. 14, 2009), and *Fowler v. Univ. Manor Health Care Center, Inc.*, Case No. CV-02-486250 (Cuyahoga Cnty. Ct. Com. Pl., May 28, 2004), in which jury verdicts were entered against nursing homes in excess of $75,000. However, these general jury verdicts do not plausibly establish that Defendant will suffer $75,000 in lost profits if enjoined from running its advertisements. Moreover, "Defendant does not explain why it cannot attract the same potential client(s) by running advertisements with different language." *Heartland-Mt. Airy of Cincinnati OH, LLC*, 2015 U.S. Dist. LEXIS 18688, at *10.

**B.     Attorney's Fees**

Plaintiff's complaint also seeks reasonable attorney fees, which are discretionary under the Ohio Deceptive Trade Practices Act. *See* Ohio Rev. Code

§ 4165.03(B) ("An award of attorney's fees may be assessed against a defendant if the court finds that the defendant has willfully engaged in a trade practice . . . knowing it to be deceptive"). Defendant asserts that the amount-in-controversy requirement is met when attorney's fees are brought into the picture. While attorney's fees may be considered, Defendant cannot meet its burden without offering evidence "that would enable the court to make a reasoned estimate of an attorney's fee award." *Manor Care of Westerville*, 2015 U.S. Dist. LEXIS 24890, at *8; *see also Heartland-Mt. Airy of Cincinnati OH, LLC*, 2015 U.S. Dist. LEXIS 18688, at **13-14; *Heartland of Portsmouth OH, LLC*, 2015 U.S. Dist. LEXIS 19780, at **7-8.

### IV. Attorney's Fees and Costs Incurred in Connection with Motion for Remand

Plaintiff also seeks an award of attorney's fees and costs incurred in connection with the Motion for Remand, alleging that Defendant's conduct in wrongfully removing the case is sanctionable under Federal Rule of Civil Procedure 11(c). Plaintiff, however, failed to comply with the requirements of Rule 11(c)(2). It neither filed a separate motion for sanctions, nor complied with Rule 11(c)(2)'s "safe harbor" requirement. Accordingly, the Court refuses to impose Rule 11 sanctions.

The Court nevertheless has discretion, in its order remanding the case, to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Here, the relevant question is

11

whether Defendant's attempt to remove the action was "fairly supportable." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007).  If Defendant had an objectively reasonable basis for seeking removal, fees are not warranted. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In the present case, the Court does not find that it was objectively unreasonable for Defendant to have sought removal.  It is undisputed that diversity of citizenship exists; the only question is whether the amount-in-controversy requirement is satisfied.  As previously noted, the law is not clear whether the value of the injunctive relief requested is to be judged from the plaintiff's perspective or the defendant's perspective.  Defendant argued both.

Although the Court ultimately determined that Defendant had not satisfied its evidentiary burden under either perspective, this does not necessarily means that Defendant's attempted removal was objectively unreasonable.  Had the right evidence been presented, it is plausible that Defendant may have been able to satisfy the amount-in-controversy requirement.

The Court further notes that attorney's fees were not awarded in connection with the remand of any of the factually similar cases cited by the parties. *See Heartland of Portsmouth*, 2015 U.S. Dist. LEXIS 19780; *Heartland-Mt. Airy of Cincinnati, OH, LLC*, 2015 U.S. Dist. LEXIS 18688; *Manor Care of Westerville*, 2015 U.S. Dist. LEXIS 24890.  Likewise, in this case, the Court declines to award attorney's fees and costs incurred in connection with the Motion for Remand.

V.   Conclusion

Defendant has not met its burden of establishing by a preponderance of the evidence that the Court has subject matter jurisdiction over this case. The Court can only speculate whether the amount in controversy exceeds $75,000. For the foregoing reasons, Plaintiff's Motion for Remand, Doc. #6, is SUSTAINED. The case is REMANDED to the Champaign County Court of Common Pleas. The Clerk is directed to mail a certified copy of this Decision and Entry to the clerk of that court.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: April 8, 2015                              _____
                                                 WALTER H. RICE
                                                 UNITED STATES DISTRICT JUDGE

13